# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | No. 10-cv-4811 |
| SMARTITAN (SINGAPORE) PTE LTD., a company organized under Singapore law, ELTEX INTERNATIONAL, LTD., a company organized under Hong Kong law, | ) ) ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MARVIN E. ASPEN, District Court Judge:

Playboy Enterprises International, Inc. ("Playboy") filed a breach of contract claim against Smartitan (Singapore) Pte. Ltd. ("Smartitan") and Eltex International, Ltd. Smartitan filed its answer, as well as affirmative defenses and a counterclaim alleging that Playboy breached the implied covenant of good faith and fair dealing. The case is before us now on Playboy's motion to dismiss Smartitan's counterclaim. Because Illinois law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing, we grant the motion.

## BACKGROUND

On March 1, 2006, Playboy entered into a Product License Agreement ("PLA") with Smartitan. (Compl. ¶¶ 1–3.) Under the PLA, Playboy granted Smartitan the right to use several

-1-

of the Playboy trademarks for a narrowly defined group of products, such as apparel and women's bags, to be sold in Japan. (*Id.* ¶ 10.) Additionally, the PLA contains detailed procedures by which all products must be approved by Playboy before they can be offered for sale. (*Id.* ¶ 15.)

Sometime in 2008, Playboy learned that Smartitan was selling unapproved products bearing the Playboy logo into unauthorized channels of distribution in violation of the PLA. (*Id.* ¶¶ 15–16.) Smartitan was also frequently late with its sales reports and required payments. (*Id.* ¶ 17.) These payments consisted of guaranteed and earned royalties. (*Id.* ¶ 17.) The guaranteed royalties were owed regardless of Smartitan's actual sales, while the earned royalties were owed based on a percentage of Smartitan's net sales. (Reply at 9.) In August 2009, Playboy exercised its right under the PLA to audit Smartitan, resulting in findings that Smartitan owed Playboy more than $300,000. (Compl. ¶ 19.)

On July 30, 2010, Playboy filed its complaint against Smartitan alleging breach of the PLA. (*Id.* ¶¶ 1–42.) On April 28, 2011, Smartitan filed its answer, affirmative defenses and counterclaim alleging that Playboy breached the implied covenant of good faith and fair dealing. (Countercl. ¶ 3.) Specifically, Smartitan claims that Playboy unreasonably refused to approve certain designs for products under the PLA, and unreasonably required Smartitan to sell products in higher-end luxury stores. (*Id.* ¶ 3a–b.)

Playboy now brings this motion asking to dismiss Smartitan's counterclaim. Playboy asserts that Smartitan, without alleging breach of contract, has failed to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

We apply the same legal standard of review for motions to dismiss counterclaims as we do for motions to dismiss complaints. *See McLaughlin v. Chi. Transit Auth.*, 243 F. Supp. 2d 778, 779 (N.D. Ill. 2003). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint or counterclaim, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th. Cir. 1990). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A sufficient complaint must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The complaint must "present a story that holds together." *Swanson*, 614 F.3d at 404; *see Smith v. Medical Benefit Adm'r Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011). These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)). In evaluating a motion to dismiss a counterclaim, we must accept all well-pleaded allegations as true and draw all reasonable inferences in the counter-plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

-3-

## ANALYSIS

Playboy correctly argues that Smartitan cannot seek relief for breach of the implied covenant of good faith and fair dealing because—with one exception not present here—the implied covenant of good faith does not provide an independent cause of action under Illinois law. *Bank of America N.A. v. Shelbourne Dev. Group, Inc.*, 732 F. Supp. 2d 809, 822 (N.D. Ill. 2010) (quoting *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002)). Under Illinois law, every contract contains an implied covenant of good faith and fair dealing. *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). While all contracts contain this covenant, it is not "generally recognized as an independent source of duties giving rise to a cause action." *Voyles v. Sandia Mortg. Corp.*, 196 Ill.2d 288, 296, 751 N.E.2d 1126, 1131 (Ill. 2001) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 513, 525, 675 N.E.2d 897, 903 (Ill. 1996)). Instead, the implied covenant of good faith and fair dealing is used as a tool to help courts interpret the terms of a contract and the intent of the parties. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 395 (7th Cir. 2003); *Zeidler v. A & W Rests., Inc.*, 301 F.3d 572, 575 (7th Cir. 2002).

Smartitan agrees that a claim for breach of the implied covenant does not exist as an independent cause of action under Illinois law apart from a breach of contract claim. (Resp. at 2.) Nonetheless, its counterclaim fails to allege that Playboy breached the PLA. In fact, Smartitan unequivocally states that "Playboy has not directly breached the PLA." (*Id.* at 3.) Without alleging that Playboy breached the PLA, Smartitan makes several failed attempts to circumvent this well-established rule in hopes that we will liberally construe the allegations and infer that it pled a breach of contract claim. First, Smartitan argues that its claim for breach of

the implied covenant of good faith and fair dealing is subsumed within a breach of contract claim. Second, Smartitan contends that, by claiming a breach of the implied covenant, it subsequently alleged a breach of contract because its contractual obligations hinged upon a condition precedent. As discussed below, both of these arguments lack merit.

### A. The Breach of the Implied Covenant Claim Is Not Subsumed within a Breach of Contract Claim.

Under Illinois law, a claim for breach of the implied covenant of good faith and fair dealing can be subsumed within a breach of contract claim. *See Kwasnik v. Nat'l R.R. Passenger Corp.*, No. 96 C 1933, 1997 WL 109977, at *3 n.2 (N.D. Ill. Mar. 7, 1997); *Stuart Park Assocs. Ltd. P'ship. v. Ameritech Pension Trust*, 846 F. Supp. 701, 714 (N.D. Ill. 1994). Smartitan relies on both *Kwasnik* and *Stuart Park Associates* to argue that, because the PLA governs the parties' relationship, its claim for breach of the covenant of good faith and fair dealing is inseparable from a breach of contract claim, and thus it pled a breach of contract based on its claim for breach of the implied covenant. (Resp. at 2–3.)

In both *Kwasnik* and *Stuart Park Associates*, however, the plaintiffs, along with their claims for breach of the duty of good faith and fair dealing, also filed breach of contract claims. *Kwasnik*, 1997 WL 109977, at *3; *Stuart Park Assocs.*, 846 F. Supp. at 714. Because of the breach of contract claims, the court in both cases held that the two claims were inseparable, and thus the claims for breach of the duty of good faith were either subsumed within, or preempted by, the breach of contract claims. *Kwasnik*, 1997 WL 109977, at *3 n.2; *Stuart Park Assocs.*, 846 F. Supp. at 714.

Smartitan, on the other hand, does not allege breach of contract. To the contrary: it admits that "Playboy has not directly breached the PLA." (Resp. at 3.) Indeed, courts in Illinois regularly dismiss claims for breach of the implied covenant of good faith and fair dealing when they are not alleged within a breach of contract claim. *Hickman v. Wells Fargo Bank, N.A.*, 683 F. Supp. 2d 779, 793 (N.D. Ill. 2010); *Zeidler*, 301 F.3d at 575; *see also Harris v. Adler School of Prof'l Psychology*, 309 Ill. App. 3d 856, 860–61, 723 N.E.2d 717, 721 (1st Dist. 1999); *Martin v. Fed. Life Ins. Co.*, 109 Ill. App. 3d 596, 606–07, 440 N.E.2d 998, 1006 (1st Dist. 1982).

Absent a clear breach of contract claim, we cannot conclude that Smartitan's claim for breach of the implied covenant of good faith and fair dealing is subsumed within a claim for breach of contract. *See Echo, Inc. v. Whitson Co., Inc*., 121 F.3d 1099, 1106 (7th Cir. 1997) (holding that the proper place an implied covenant argument is within an "unambiguous" breach of contract claim, not "standing alone as its own claim").

**B.      Playboy's Right of Approval Was Not a Condition Precedent to Playboy's Payment Obligations.**

Smartitan also argues that Playboy's discretionary approval of products and distribution channels constituted a condition precedent that stood in the way of Smartitan being able to fulfill its payment obligations. (Resp. at 4–5.) It further asserts that the duty of good faith and fair dealing prevented Playboy from hindering that condition, and consequently, a breach of that duty is a breach of the contract. (*Id.*)

We agree with Smartitan that the implied covenant of good faith and fair dealing "requires a party vested with discretion to exercise that discretion reasonably." *Beraha*, 956

F.2d at 1444.  We disagree, however, that Playboy's discretionary approval created a condition precedent that impeded Smartitan's ability to perform its payment obligations.  Under the PLA, Smartitan owed Playboy guaranteed and earned royalties.  (Reply at 9.)  The guaranteed royalty payments were owed regardless of what products and channels of distribution Playboy approved or disapproved.  (*Id.*)  The earned royalties were calculated by a percentage of Smartitan's net sales, meaning that an earned royalty payment was not required unless Playboy approved the product.  (*Id.*)  But even if Smartitan failed to sell any of Playboy's products, either as result of Playboy's failure to approve products or channels of distribution or of Smartitan's failure to effectively market the products Playboy did approve, Smartitan still owed Playboy certain guaranteed royalties.  Thus, there was no condition precedent to Smartitan's obligation to pay Playboy.

Further, even if Smartitan is able to prove that Playboy abused its discretion, it still fails to state a cognizable claim, because under Illinois law, the obligation to act in good faith simply "does not provide a person with a separate, independent cause of action."  *Hickman*, 683 F. Supp. 2d at 793 (citing *LaScola v. U.S. Sprint Comm'ns.*, 946 F.2d 559, 565 (7th Cir. 1991)). We will not infer that a breach of contract claim exists when the counterclaim only purports to state a claim for breach of the implied covenant of good faith and fair dealing.  *See Echo, Inc.*, 121 F.3d at 1106 ("The proper place for [the counter-plaintiff's] argument was within a breach of contract claim, not standing alone as its own claim.").  Thus, Smartitan's counterclaim must be dismissed.

## CONCLUSION

For the reasons set forth above, we grant Playboy's motion to dismiss the counterclaim.

It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Date: August 26, 2011