# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4811 | **DATE** | 11/14/2011 |
| **CASE TITLE** | Playboy Enterprises International, Inc. Vs. Smartitan (Singapore) Pte. Ltd. Et al | | |

**DOCKET ENTRY TEXT**

Continued hearing on Plaintiff Playboy's Motion to Compel Eltex To Produce Man Hon Mui As An Alternative Rule 30(b)(6) Witness And Pursuant To Rule 30(b)(1) [85] held on 11/10/11. Plaintiff's Motion [85] is granted in part and denied in part for the reasons stated on the record during the hearing on 11/10/11, and without prejudice to further proceedings relating to a potential deposition of Mr. Mui pursuant to Rule 30(b)(1). See statement below for further detail and explanation.

■[ For further details see text below.]   Notices mailed by Judicial staff.

1:00

## STATEMENT

Rule 30(b)(6) Deposition of Defendant Eltex

Plaintiff Playboy Enterprises International, Inc. ("Playboy") is granted leave to take another Federal Rule of Civil Procedure 30(b)(6) deposition of a corporate representative of Defendant Eltex International, Ltd. ("Eltex"). That deposition shall take place in Chicago, Illinois, as did the first Rule 30(b)(6) deposition of Eltex's designated corporate representative, Mr. George Chan. The Court recognizes that the first deposition of Mr. Chan, who lives in Hong Kong, occurred in Chicago the day after Mr. Chan attended a settlement conference here as the corporate representative of Eltex and Defendant Smartitan (Singapore) PTE, Ltd. So, Mr. Chan did not have to travel to Chicago especially for his deposition. Still, to the extent that this second Rule 30(b)(6) deposition is occasioned in part by the fact that Mr. Chan may not have been prepared fully as Eltex's Rule 30(b)(6) representative in the manner required by that Rule (an inference Playboy argues is reasonable and with which the Court agrees to some degree as stated on the record during the 11/10/11 hearing), it is fair, on balance, that this deposition of Mr. Chan (or whatever other person Eltex may designate as its representative for these purposes) occur in Chicago, the forum in which Eltex agreed to litigate any disputes arising under the PLA.

Eltex's representative at this Rule 30(b)(6) deposition should be prepared to testify fully concerning certain matters about which Mr. Chan was not fully knowledgeable when he was deposed on July 13, 2011, or such other additional areas of inquiry as Playboy may designate for that deposition in its Rule 30(b)(6) notice. To facilitate such preparation in accordance with Rule 30(b)(6), counsel are encouraged to meet and confer prior to that deposition regarding the areas of inquiry Playboy intends to cover so that there is no doubt about the subjects the witness should be prepared to address.

For the reasons stated on the record on 11/10/11, the Court will not order Eltex to produce Mr. Man

**STATEMENT**

Hon Mui, an owner and director of Eltex, as its Rule 30(b)(6) witness as Playboy originally requested in its Motion. Playboy conceded at the hearing that, upon reflection, it agrees that it is not entitled under Rule 30(b)(6) to force a corporate defendant to designate a particular person as a Rule 30(b)(6) witness. That decision is up to the corporate entity.

Rule 30(b)(1) Deposition of Defendant Eltex

As explained on the record during the hearing on 11/10/11, Eltex is a "person" within the meaning of Rule 30(b)(1). Thus, Eltex also can be deposed by a corporate director, officer or managing agent designated by Playboy. A party is entitled to identify and notice for deposition a specific corporate officer, director or managing agent under Rule 30(b)(1), unlike the Rule 30(b)(6) procedure where the corporate entity chooses the deponent. After Mr. Chan's deposition as Eltex's Rule 30(b)(6) representative, Plaintiff served a Rule 30(b)(1) notice requesting that Eltex produce Mr. Mui (as stated above, an Eltex owner and director) for deposition in Chicago. In its Response [93] to Plaintiff's Motion, Eltex requested a protective order directing that Mr. Mui be deposed in Hong Kong, the location of Eltex's corporate offices and the place of Mr. Mui's place of residence, via video conference.

The Court is not prepared at this time to order that Mr. Mui be deposed in Chicago under Rule 30(b)(1). Frankly, it is not clear to the Court at this time that Mr. Mui's testimony, in addition to whatever testimony Playboy obtains from its Rule 30(b)(6) depositions, is so important to the development of Playboy's alter ego and unjust enrichment theories against Eltex that Mr. Mui should be ordered to appear in Chicago for his deposition rather than provide whatever testimony Playboy desires to obtain from him via video conference. Video deposition technology today has advanced to the point that it can be utilized effectively for discovery and even for trial testimony in many cases. Further, it is not yet clear that Playboy even will need to take Mr. Mui's deposition, by video or in person, once it completes its Rule 30(b)(6) deposition of Eltex.

By way of further clarification of the Court's thinking in this regard, Plaintiff's request that Mr. Mui be deposed in Chicago pursuant to Rule 30(b)(1) appears to be tied closely to its original argument, since withdrawn, that the Court should order Eltex to produce Mr. Mui in Chicago as a Rule 30(b)(6) witness. See Motion [85] at p.3: ". . . because Defendants failed to adequately prepare Chan as a 30(b)(6) witness for Eltex, Playboy respectfully requests that the Court order Defendants to produce Mui as an additional 30(b)(6) witness of Eltex. Alternatively, Playboy respectfully requests that the Court order Defendants to produce Mui as a witness pursuant to Fed. R. Civ. P. 30(b)(1)." In other words, dissatisfied with Mr. Chan's lack of definitive knowledge concerning a few areas during his deposition as Eltex's Rule 30(b)(6) representative, Playboy opted to try to force Mr. Mui to come to Chicago to testify about those matters either under Rule 30(b)(6) or Rule 30(b)(1). But the predicate for Mr. Mui's deposition under either scenario appears to be that Mr. Chan's testimony as Eltex's Rule 30(b)(6) witness was less than satisfactory.

The Court, however, has addressed above the issue of whether Eltex must produce a witness, whether Mr. Chan or someone else, in Chicago to testify about matters that are proper areas of inquiry of Eltex under Rule 30(b)(6). The Court notes that Playboy originally decided to obtain the information it believes it needs to support its alter ego and unjust enrichment theories against Eltex via Rule 30(b)(6), not via a Rule 30(b)(1) deposition of Mr. Mui. That makes some sense because, among other reasons, Mr. Chan, who apparently always was the person Eltex intended to proffer as its Rule 30(b)(6) representative, speaks English and Mr. Mui does not. The request for Mr. Mui's deposition under Rule 30(b)(1) was made after Mr. Chan's deposition when Playboy concluded that Mr. Chan was not fully prepared to testify about a few matters during that deposition. See Motion [85] at p. 2. It may be that Plaintiff still can obtain the information it

**STATEMENT**

needs from the Rule 30(b)(6) deposition it will be allowed to take as described above. As stated during the 11/10/11 hearing on Playboy's Motion, under these circumstances, the Court has some concern that ordering Mr. Mui to be deposed in Chicago now will provoke a skirmish that could divert the parties and the Court from efficiently and economically developing the material facts necessary to resolve the case on its merits via a dispositive motion or at trial.

Accordingly, the Court suggests that Plaintiff take the Rule 30(b)(6) deposition that it is being permitted it to take of Eltex before it pursues the video deposition of Mr. Mui. If, after the Rule 30(b)(6) deposition, Plaintiff believes that Mr. Mui is such a key witness that deposing him via videoconference through an interpreter will seriously impair its ability to discover information that is important to its legal theories against Eltex, the Court is willing to entertain a renewed motion to require Mr. Mui to be deposed in Chicago. On the other hand, if Mr. Mui's testimony is required on only a few discrete factual matters, it may make sense to depose him for that purpose via video rather than ordering him to come to Chicago.[1]

Similarly, Playboy argued in its Motion and also at the 11/10/11 hearing that a deposition of Mr. Mui in Hong Kong would offend notions of "foreign judicial sovereignty," that this Court's ability to exercise authority over a video deposition of Mr. Mui in Hong Kong would be compromised, and that Playboy's ability to use such deposition testimony in this court could be subject to question. The Court has read the cases Playboy cited in its Motion [85] at p.13-14 and the additional case Playboy's counsel cited during the 11/10/11 hearing. None of those cases dealt with a deposition in Hong Kong. Instead, the cases involved depositions in Japan, France and Germany, or depositions of Japanese nationals noticed for the United States. Accordingly, Playboy has not provided the Court with sufficient information to substantiate the existence of any particular legal or administrative problems with deposing Mr. Mui via video in Hong Kong. The cases Playboy cited employ a fact and country specific balancing analysis to determine whether a deposition of a foreign national should be taken in the United States or the person's country of residence. If it becomes necessary to engage in such a balancing analysis in this case, this Court will do so, but Playboy and Eltex need to tee up that issue better with case and country specific information and authority to the extent it is available. At the 11/10/11 hearing, neither party's counsel was prepared to do so with respect to Mr. Mui's deposition.

Accordingly, for all of these reasons, Playboy's motion is granted in part and denied in part, without prejudice to further proceedings relating to a potential deposition of Mr. Mui pursuant to Rule 30(b)(1).

---

1. The Court would want to know, for example, the information Playboy believes it needs to obtain from Mr. Mui that Playboy cannot obtain in a Rule 30(b)(6) deposition of Mr. Chan. The Court's views on these matters as the case develops, also may be affected by, among other things, whether Eltex or Smartitan intend to submit an affidavit from Mr. Mui in support of or in opposition to any dispositive motions.