**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 4811 |
| SMARTITAN (SINGAPORE) PTE. LTD., a company organized under Singapore law, and ELTEX INTERNATIONAL, LTD., a company organized under Hong Kong law, | ) ) ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MARVIN E. ASPEN, District Judge:

Playboy Enterprises International, Inc. ("Playboy"), a Delaware corporation, filed a complaint against Smartitan (Singapore) Pte. Ltd. ("Smartitan"), a Singapore corporation, and Eltex International, Ltd. ("Eltex"), a Hong Kong corporation, alleging breach of contract. Playboy noticed the deposition of Smartitan's Rule 30(b)(6) representative, a foreign citizen, to take place in Chicago, Illinois at the office of Playboy's counsel. Smartitan has moved for a protective order to prevent its witness from having to appear in the United States and has requested that the deposition proceed via video-conference. We grant Smartitan's motion.

**I.    BACKGROUND**

On March 1, 2006, Playboy entered into a Product License Agreement ("PLA") with Smartitan. (Compl. ¶ 1.) Under the PLA, Playboy granted Smartitan the right to use several of the Playboy trademarks for a narrowly-defined group of products sold by Smartitan, such as apparel. (Compl. ¶ 10.) Representatives for Playboy and Smartitan met in Japan to negotiate the

PLA. (Compl. ¶ 12.) The goods produced by Smartitan, bearing the Playboy trademark, were manufactured and sold in Asia; however, Smartitan has conducted minimal business operations since 2009. (Reply at 2, 8–9.)

On April 20, 2011, Playboy served notices for the depositions of the Rule 30(b)(6) representatives of Smartitan and Eltex, to take place in Chicago, Illinois. (Resp. at 2.) Smartitan has designated Mr. Charles Lui as its Rule 30(b)(6) representative in this matter. (Mot. at 2.) On July 28, 2011, Smartitan filed a motion for protective order. (Resp. at 3.) Smartitan alleges that producing Mr. Lui in Chicago would impose undue burden and expense. (Mot. at 2.) Counsel for Playboy and Smartitan are present in Chicago, Illinois.

Mr. Lui works and resides in Hong Kong, China and Singapore. (Mot. at 3.) Mr. Lui has never traveled to the United States to conduct business on behalf of Smartitan, nor has any other Smartitan employee visited the United States in a representative capacity. (Reply at 5.) Mr. Lui does not plan to visit the United States in the near future, and if Mr. Lui were to travel from Hong Kong to Chicago, his round-trip flight would take longer than thirty hours. (Mot. at 3.)

## II.     STANDARD OF REVIEW

"As a general rule, a party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order designating a different place." Fed. R. Civ. P. 26(c)(1); *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 465 (N.D. Ill. 2007). Pursuant to Rule 26(c)(1), the court may grant a motion for protective order, "for good cause," to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). It is within the trial court's discretion to determine what factors constitute "good cause." *See Crawford-El v. Britton*, 523 U.S. 574, 598, 188 S. Ct. 1584, 1597

(1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *see also Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1998) ("Because the district court is far better situated to pass on discovery matters, we review its discovery decisions for an abuse of discretion.").

## III.  ANALYSIS

Generally, the deposition of a corporation's agent takes place at the corporation's principal place of business.  *P.H. Int'l Trading Co. v. Christia Confezioni S.P.A.*, No. 04 C 903, 2004 WL 2538299, at *2 (N.D. Ill. Sept. 24, 2004); *Chris-Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999).  Accordingly, a corporation has presumptively shown good cause for a motion for protective order when a deposition is noticed to proceed at a location other than the principal place of business.  *See Chris-Craft*, 184 F.R.D. at 607. However, a party opposing a motion for protective order under certain circumstances may overcome this general presumption.  *See Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ind. 2000) ("Corporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy.").

We consider the following non-exhaustive factors to determine whether the forgoing general presumption has been overcome: (1) whether the time and expense of travel presents a hardship to the deponent; (2) whether the deponent engages in travel for business purposes; (3) the ability of the court to intervene should a dispute arise during the deposition proceedings; and (4) the location of legal counsel.  *Delphi Auto. Sys. LLC v. Shinwa Int'l Holdings LTD*, No. 07 C

0811, 2008 WL 2906765, at *2 (S.D. Ind. July 23, 2008); *New Medium*, 242 F.R.D. at 467; *Custom Form*, 196 F.R.D. at 336–37.

First, compelling Mr. Lui to travel in excess of thirty hours round-trip to be deposed in Chicago would place an unnecessary hardship upon him. Proceeding with the deposition via video-conference is the most economical solution, by eliminating the time, effort and expense inherent to travel. We agree with the court in *P.H. International* that "[t]aking the deposition via video-conference . . . [is] the most logical, economical solution because nobody is required to travel." *P.H. Int'l*, 2004 WL 2538299, at *2 (strongly recommending video-conference deposition of the representative of an Italian corporation).

Second, Mr. Lui does not typically engage in business travel to the United States. In fact, Mr. Lui has never traveled to the United States on behalf of Smartitan. Further, the business operations of Smartitan were limited to Asia—the PLA itself was negotiated in Asia. (Compl. ¶ 12.) Compelling Mr. Lui now to travel to the United States would mark a significant and unduly burdensome departure from his work history. (Reply at 5.)

The third and fourth considerations similarly weigh toward granting the protective order. The parties can ensure access to the court during the deposition proceeding by scheduling the video-conference during the court's regular business hours, thus enabling the court to intervene in any dispute that may arise. Counsel for Playboy and Smartitan are located in Chicago, and can access the court with ease, whether by appearance or telephone call. While the thirteen-hour time difference between Chicago and Hong Kong necessitates that the deposition proceed during the night in Hong Kong, Mr. Lui has voiced no concern about the timing. Moreover, there is no practical difference between remotely deposing a potentially fatigued Mr. Lui during the

nighttime hours in Hong Kong, and deposing a potentially jetlagged Mr. Lui during the daytime in Chicago.

## IV.     CONCLUSION

Smartitan's motion for protective order is granted. The deposition of Mr. Lui shall proceed via video-conference at a mutually agreeable time and date consistent with this opinion. Any documents sought to be presented during the deposition shall be transmitted to Mr. Lui's location sufficiently in advance of the deposition. We decline to order Playboy to pay for the expenses associated with Mr. Lui's deposition. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: November 17, 2011